IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:06-CV-41-HL |
| ONE PARCEL OF REAL PROPERTY AND IMPROVEMENTS, LOCATED AT 1100 PEELER AVENUE, LAKELAND, LANIER COUNTY, GEORGIA, | : | |
| Defendant Property, | : | |
| VALJEAN JOHNSON SMITH, as Administrator of the Estate of KENYATTA JOHNSON, and BETTY ANN MCBRIDE, | : | |
| Claimants. | : | |

# ORDER

Before the Court are the Government's Motion for Summary Judgment (Doc. 24) on Claimant Valjean Johnson Smith's interest in the Defendant Property and Claimant Smith's Cross-Motion for Summary Judgment and Motion to Dismiss (Doc. 29). For the following reasons, these motions are denied.

**I.    FACTS AND PROCEDURAL HISTORY**

Prior to his death, Kenyatta Johnson received permission from his aunt, Claimant

1

Betty Ann McBride, to construct a dwelling on land that was owned by Claimant McBride and located at 1100 Peeler Avenue, Lakeland, Georgia. Construction began on the dwelling in October 2002 and continued until Johnson's death on July 13, 2004. After Johnson's death, the Government brought this civil forfeiture action against "One Parcel of Real Property and Improvements, Located at 1100 Peeler Avenue, Lakeland, Lanier County, Georgia," alleging that Johnson paid for its construction with money derived from the sale of illegal narcotics. Claimant Smith filed her Answer (Doc. 14) to the Government's Complaint on September 14, 2006, and Claimant McBride filed her Answer (Doc. 23) to the Government's Complaint on November 13, 2006. On February 9, 2007, the Government moved for summary judgment on Claimant Smith's interest on the ground that Claimant Smith, as administrator of Johnson's estate, does not have standing to challenge the forfeiture of the Defendant Property. Claimant Smith responded on March 1, 2007, and filed a Cross-Motion for Summary Judgment on the ground that both Claimants are innocent owners. Claimant Smith's response also contains a Motion to Dismiss the Government's Complaint on the ground that the Complaint does not allege sufficient facts that demonstrate that the Claimants had knowledge that the Defendant Property was connected to criminal conduct.

At the present time there is pending in the Superior Court of Lanier County, Georgia a civil action brought by Claimant Smith, as administrator of Johnson's estate, to gain title to the Defendant Property. The parties have entered into an enforceable mediation agreement, which provides that Claimant Smith will convey to Johnson's estate the dwelling and lots located at 1100 Peeler Avenue. Claimant Smith's counsel has represented to this

2

Court that this forfeiture proceeding is preventing that mediation agreement from being enforced.

## II. DISCUSSION

### A. Government's Motion for Summary Judgment

#### 1. Standard of Review

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation

marks omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### 2. Analysis

The Government has failed to clearly state the grounds on which it moves for summary judgment. The first four pages of the Government's brief in support of its summary judgment motion contain a recitation of the summary judgment standard and the law governing civil forfeiture proceedings. The only mention of anything specific to this case is found in the concluding paragraph on the final page of the Government's brief. In that concluding paragraph, the Government asserts that Claimant McBride holds title to the Defendant Property. The Government, however, does not state why this fact, if true, entitles it to summary judgment on any interest that Johnson's estate may have in the Defendant Property. Despite the nebulous nature of the Government's brief, it appears as though the Government has moved for summary judgment on the ground that Claimant Smith, as the administrator of Johnson's estate, lacks standing to challenge the forfeiture of the Defendant

Property because the estate does not hold legal title to the Defendant Property.[1]

A threshold issue in every civil forfeiture proceeding is whether the claimant has Article III standing to contest the forfeiture.[2] See, e.g., United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987). If a claimant does not have a "sufficient interest in the property to give him Article III standing[,]...there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." Id. (citations omitted). To establish standing under Article III, "a litigant must allege a 'distinct and palpable injury to himself' that is the direct result of the 'putatively illegal conduct of the [adverse party]' and 'likely to be redressed by the requested relief.'" United States v. Cambio Exacto, S.A., 166 F.3d 522, 527 (2d Cir. 1999) (citations omitted). "A claimant need not own the property in order to have standing to contest its forfeiture; a lesser property interest, such as a possessory interest, is sufficient for standing." $38,000.00 in U.S. Currency, 816 F.2d at 1544. The claimant can establish a sufficient property interest to confer standing by showing, for example, actual possession, control, title, or financial stake. United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, California, 385 F.3d 1187, 1191 (9th Cir. 2004); United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003). "[W]hile ownership and possession generally may provide evidence of standing, it is the injury to the party seeking standing that remains

---

[1] This is the only ground that the Court will consider, the Government's motion asserting no other.

[2] The claimant bears the burden of establishing standing. United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir. 1984) (per curiam).

the ultimate focus." See Cambio Exacto, S.A., 166 F.3d at 527.

Here, Johnson constructed the dwelling located at 1100 Peeler Avenue with the express permission of Claimant McBride, who is the title holder to the Defendant Property. After Johnson died, Claimant Smith, as the administrator of Johnson's estate, brought a claim against Claimant McBride in the Superior Court of Lanier County, Georgia seeking title to the Defendant Property. In May 2006 Claimant Smith and Claimant McBride entered into an enforceable mediation agreement resolving the dispute. Pursuant to this agreement, Claimant McBride agreed to sell the Defendant Property to Johnson's estate for a specified amount. The only thing preventing the enforcement of this mediation agreement is this civil forfeiture proceeding. Morever, the Superior Court of Lanier County has issued a temporary order restraining and enjoining Claimant McBride from transferring the Defendant Property until further order of the Superior Court.

In light of these facts, this Court finds that Johnson's estate has an interest in the Defendant Property sufficient to confer Article III standing. Johnson's estate clearly has a financial stake in the outcome of this civil forfeiture proceeding: if the property is not forfeited, the mediation agreement will be enforced and the estate will receive title to the Defendant Property; if the property is forfeited, the estate will not receive title to the Defendant Property. Johnson's estate has therefore been injured by the Government's seizure of the Defendant Property, and the fact that Johnson's estate will obtain title to the Defendant Property if it is ultimately not forfeited demonstrates that the estate's injury will be redressed by granting the relief requested by Claimant Smith. As a result, this Court finds

that Claimant Smith has standing to challenge the forfeiture of the Defendant Property.

The Government asserts in its reply brief, however, that it is also entitled to summary judgment because Claimant Smith cannot prove ownership. Citing <u>United States v. 2001 Honda Accord Ex</u>, 245 F. Supp. 2d 602, 607 n.4 (M.D. Pa. 2003), the Government contends that standing and ownership are two different concepts: once a claimant in a civil forfeiture proceeding proves that they have standing under Article III of the United States Constitution, the claimant must prove ownership. In <u>2001 Honda Accord</u>, the Middle District of Pennsylvania noted that the claimant had Article III standing to claim the defendant property, but the claimant did not have standing to assert the innocent owner defense because the claimant could not prove ownership. <u>Id.</u> at 607 & n.4. In holding that the claimant could not purse the innocent owner defense without first proving ownership, the court in <u>2001 Honda Accord</u> was not stating that a claimant can only pursue a claim to defendant property if it proves standing and ownership; the court was only pointing out the obvious fact that a claimant must prove ownership if the claimant seeks to invoke the innocent owner defense.

This Court has scoured the civil forfeiture statutes and relevant cases and has been unable to find anything that supports the notion that a claimant can only pursue a claim to defendant property if its proves both standing and ownership. While ownership may be relevant to the issue of Article III standing and a claimant must prove ownership if it seeks to assert the innocent owner defense, it is not a prerequisite to maintaining a claim for seized property. Accordingly, to the extent that the Government has moved for summary judgment on the ground that Claimant Smith has failed to prove ownership, the Government's Motion

for Summary Judgment is denied.

### B. Claimant Smith's Cross-Motion for Summary Judgment and Motion to Dismiss

In response to the Government's Motion for Summary Judgment, Claimant Smith has filed a Cross-Motion for Summary Judgment and a Motion to Dismiss. The Court will address these motions in turn.

#### 1. Cross-Motion for Summary Judgment

Claimant Smith's summary judgment motion seeks summary judgment on the ground that there are no disputed issues of material fact as to whether Claimant McBride and Claimant Smith are innocent owners pursuant to 18 U.S.C.A. § 983(d) (2000 & Supp. 2007). In asserting the innocent owner defense on behalf of Claimant McBride, Claimant Smith has attempted to assert an affirmative defense on behalf of another party. Claimant McBride is a party in this proceeding and is represented by an attorney. If Claimant McBride is going to raise the innocent owner defense on her own behalf, the Court will take up the issue at that time. For now, however, this Court will not address Claimant McBride's status as an innocent owner because Claimant Smith has not provided the Court with any basis that permits Claimant Smith to raise this defense on behalf of another party.

As to Claimant Smith's status as an innocent owner, Claimant Smith contends that she is an innocent owner because neither Claimant Smith nor Johnson's estate had any knowledge that the Defendant Property was connected to criminal conduct. As an initial matter, Claimant Smith misstates the burden of proof on the innocent owner defense by

erroneously contending that the Government must show that Claimant Smith and the estate are not innocent owners. It is the party invoking the innocent owner defense, not the Government, that bears the burden of proof. See 18 U.S.C.A. § 983(d)(1) ("The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence."). With respect to the merits of Claimant Smith's innocent owner defense, it is irrelevant whether Claimant Smith had any personal knowledge that the Defendant Property was connected to illegal drug activity because Claimant Smith has not claimed an interest to the property in her individual capacity. Instead, Claimant Smith is a party to this action solely in her capacity as administrator of Johnson's estate. As the representative of Johnson's estate, Claimant Smith stands in the shoes of Johnson, the deceased. See, e.g., Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 248 n.7 (3d Cir. 2002) ("When an executor or administrator continues with a decedent's claim, she 'stands in the shoes of the decedent.'"). Claimant Smith's personal knowledge is therefore irrelevant to the estate's innocent owner defense.

Furthermore, because Claimant Smith stands in Johnson's shoes, the issue is whether Johnson could assert a valid innocent owner defense if he was alive. See United States v. Unit Number 1105, 800 Claughton Island Drive, Miami, Fla., No. 00-2827-CV, 2002 WL 33001403, at *3 n.7 (S.D. Fla. Jan. 25, 2002) (stating in dicta that when a claimant brings a claim to defendant property as the representative of the deceased's estate, the issue is whether the deceased could maintain an innocent owner defense). In this case, Johnson would be unable to asset an innocent owner defense if he was alive because he is the individual who

is alleged to have sold drugs to finance the construction of the dwelling on Defendant Property. That is not to say that Johnson did in fact use drug money to pay for the dwelling. Johnson either used the proceeds of drug sales to pay for the dwelling or he did not, but if he did use drug money to pay for the dwelling he would certainly have known of the source of the funds. Accordingly, Claimant Smith's Cross-Motion for Summary Judgment is denied because Johnson's estate cannot assert a valid innocent owner defense.

### 2. Motion to Dismiss

Claimant Smith has asserted that this Court should also dismiss the Government's Complaint (Doc. 1) because the Government's Complaint "fails to allege with sufficient proof and particularity, how Claimant McBride, Claimant Smith, or the estate had any knowledge of or contributed to criminal conduct in relation to the property." (Claimant Smith's Cross-Mot. Summ. J. and Resp. Govt.'s Mot. Summ. J. at 10). Claimant Smith's argument is wholly without merit. A civil forfeiture proceeding is an in rem proceeding that proceeds under the legal fiction that the property is guilty of wrongdoing. See United States v. U.S. Coin and Currency, 401 U.S. 715, 719 (1971). As a result, defendant property can be forfeited without the Government ever proving that an individual claimant participated in any wrongdoing, and therefore, the Government obviously does not have to allege in its complaint that a claimant participated in illegal conduct. See U.S. v. On Leong Chinese Merchants Ass'n Bldg., 918 F.2d 1289, 1293 (7th Cir. 1990) ("Because the object is the wrongdoer, forfeiture can be ordered even in the absence of any wrongdoing on claimant's part."). The fact that a claimant lacked knowledge that the defendant property is connected

to illegal conduct is relevant to the innocent owner defense, but the innocent owner defense is an affirmative defense that must be proved by the claimant seeking to invoke it. See 18 U.S.C.A. § 983(d)(1). For these reasons, Claimant Smith's Motion to Dismiss is denied.

## III. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment is denied and Claimant Smith's Cross-Motion for Summary Judgment and Motion to Dismiss are denied.

**SO ORDERED**, this the 3rd day of December, 2007.

*/s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc