IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v<br><br>ONE PARCEL OF REAL PROPERTY<br>AND IMPROVEMENTS, LOCATED AT<br>1100 PEELER AVENUE, LAKELAND,<br>LANIER COUNTY, GEORGIA,<br>Defendant Property,<br><br>VALJEAN JOHNSON SMITH, and<br>BETTY ANN MCBRIDE,<br>　　　Claimants. | CASE NO.: 7:06-CV-41 (HL) |

## ORDER

The parties have executed and presented to the Court a Stipulation for Compromise Settlement and Release of Claims which is attached hereto and made a part of this Order, in which they agreed that Claimant Smith's interest in the land of the Defendant Property located at 1100 Peeler Avenue, Lakeland, Lanier County, Georgia, more particularly described as:

> All that tract or parcel situate, lying and being in the City of Lakeland, County of Lanier, and being all of Lot No. 9, 10, and 11 of Block No. 52, as shown on the Roberts Survey of the South Georgia Land and Industrial Company's Subdivision of the City of Lakeland, Georgia.
>
> This being the same property conveyed from Simpson Farms, Inc., a Georgia corporation, to Betty Ann McBride by Warranty Deed dated February 27, 1998 and recorded March 5, 1998 in Deed Book 80, pages 19-20, in the Lanier County Superior Court records.

shall be forfeited to the United States, and twenty percent (20%) of the net proceeds of the

sale of the land, minus costs associated with the management and disposal of the property

maintained by the United States Marshal Service, minus a sum of $8,500.00, which represents Claimant Betty Ann McBride's full settlement amount, shall be paid to the Probate Court of Lanier County for distribution to the lawful heirs of Kenyatta Johnson in full satisfaction of any and all claims that Claimant Smith may have or hereinafter have in the property.  Accordingly, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395.

2. The United States has furnished due and legal notice of these proceedings as required by law.  All persons known to the United States to have a possible interest in the defendant property have received actual notice and service of the complaint, and writ of entry for this action.

3. Claimant filed an Amended Answer on September 14, 2006, asserting her interest in the improvements located on the land of the defendant property. Claimant Betty Ann McBride filed an Answer on November 13, 2006, asserting her interest in the Defendant Property.  The time for filing claims and answers has now expired.

4. There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that the defendant property is subject to forfeiture in accordance with 21 U.S.C. § 881(a)(6).

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest of Valjean Johnson Smith in the land of the defendant property located at 1100 Peeler Avenue, Lakeland, Lanier County, Georgia, more particularly described above, is hereby forfeited to the United States;

2. All other right, title, and interest in the land of the defendant property is hereby forfeited to the United States, the United States which shall have clear title to this property and may warrant good title to any subsequent transferee;

3. The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law;

4. The United States Marshals Service shall issue a check in an amount representing twenty percent (20%) of the net proceeds of the sale of the property, the net proceeds being the sales price minus costs associated with the management and disposal of the property, minus the sum of $8,500.00, which represents Claimant Betty Ann McBride's full settlement amount. The check should be made payable to the Probate Court of Lanier County, Lanier County Courthouse, 100 Main Street, Suite 6, Lakeland, Georgia, 31635, Attention Judge Judy B. Mullis, in reference to Kenyatta Johnson's Estate and delivered to the United States Attorney's Office for distribution.

5. Pursuant to 28 U.S.C. § 2465, no parties shall be entitled to costs, including any costs under 28 U.S.C. § 2412, nor shall the person or persons who made the seizure of the defendant property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the seizure of the defendant property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this 8th day of May, 2008.

                                      **s/ Hugh Lawson**
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Prepared by:

DONALD L. JOHSTONO
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 397015
ATTORNEY FOR PLAINTIFF